UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
OCT 24 2019
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 5:19-CR-156-KKC

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.                              **PLEA AGREEMENT**

CRYSTAL R. BROTHERTON                                                                    DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 844(e), interstate conveyance of false information concerning explosives. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 2 and 3.

2. The essential elements of Count 1 are:

    (a)  The Defendant, through the use of an instrument of interstate commerce;

    (b)  Maliciously conveyed false information;

    (c)  In and affecting interstate commerce;

    (d)  Knowing it to be false;

    (e)  Concerning an attempt or alleged attempt being made, or to be made to kill, injure, or intimidate any individual or unlawfully to damage or destroy any building, vehicle, or other real or personal property;

    (f)  By means of fire or an explosive.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On the afternoon of June 20, 2019, the Defendant called the 911 Emergency Response telephone system maintained by the Lexington-Fayette Urban County Government. Instead of reporting an emergency, the Defendant immediately told the 911 operator that there were bombs at four separate businesses located at the intersection of Bryan Station Road and New Circle Road on the eastern side of Lexington, Kentucky.

(b) The Defendant said the bombs would "go off" in 15 minutes unless the buildings were evacuated. Finally, before ending the call, the Defendant twice made the threat to the operator that "everyone will die."

(c) Both the Lexington Police and Fire Departments sent multiple units to respond to the threats made by the Defendant in her 911 call. In all approximately ten police officers responded, along with several Fire Department assets, including an Explosive Detection Canine unit. The businesses threatened in the Defendant's call were all evacuated.

(d) At the time of making this report, the Defendant knew that the communications she made to the 911 operator would be seen as a serious expression of intent to commit harm to those businesses.

(e) Over the next 24 hours, the Defendant made two additional threat calls to 911. These additional calls again threatened explosive detonation unless specific businesses were quickly evacuated. The Defendant also threatened to go to the University of Kentucky's campus and "open fire."

(f) The Defendant made the calls from a location in Fayette County, Kentucky using a cellular telephone, an instrument of interstate commerce.

4. The statutory punishment for Count 1 is imprisonment for not more than 10 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

- (a) The United States Sentencing Guidelines (U.S.S.G.), November 2018 manual, will determine the Defendant's guidelines range.

- (b) Pursuant to U.S.S.G. § 2A6.1(a)(1), the base offense level is 12.

- (c) Pursuant to U.S.S.G. § 2A6.1(b)(2), increase the offense level by 2 levels because the offense involved more than two threats.

- (d) The parties do not agree on whether the threats made by the Defendant resulted in a substantial disruption of public, governmental, or business functions or services, which pursuant to U.S.S.G. § 2A6.1(b)(4) would increase the offense level by 4 levels.

- (e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant=s timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant retains the right to appeal her sentence only if that sentence is greater than the high end of the advisory Sentencing Guidelines range as determined by the Court at

sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

10. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable

immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 10/24/19          By: *William P. Moynahan*
William P. Moynahan
Assistant United States Attorney

Date: 10/24/19               *Crystal R. Brotherton*
Crystal R. Brotherton
Defendant

Date: 10/24/19               *John W. Oakley*
John W. Oakley
Attorney for Defendant

6